IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| E.M., | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:21-cv-00073-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
|     Defendant. | : | |

# ORDER

The Commissioner of Social Security, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for supplemental security income finding that he is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. §§ 405(g) and 1383(c). All administrative remedies have been exhausted. Both parties filed their written consent for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The claimant bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 1382c(3)(A).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 416.101 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 416.920(a)(1).  First, the Commissioner determines whether the claimant is working.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled.  *Id*. § 416.920(b).  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id*. § 416.920(a)(4)(ii).  A claimant must have a "severe impairment," which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  *Id*. § 416.920(c).  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id*. § 416.920(a)(4)(iii).  Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id*. § 416.920(a)(4)(iv).  Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work.  20 C.F.R. § 416.920(a)(4)(v).  In arriving at a decision,

3

the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id*. § 416.923(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 805-06 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income on November 13, 2018, alleging that he became disabled to work January 1, 2017. Tr. 20. His claim was denied initially on March 20, 2019, and upon reconsideration on November 5, 2019. *Id*. He timely requested an evidentiary hearing before an ALJ on December 16, 2019, and the hearing was conducted via telephone on September 25, 2020. *Id*. Plaintiff appeared at the hearing with counsel and testified, as did an impartial vocational expert ("VE"). *Id*. On October 6, 2020, the ALJ issued an unfavorable decision denying Plaintiff's claim. Tr. 20-29. Plaintiff next sought review by the Appeals Council but was denied on April 7, 2021. Tr. 1-3. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying his claim for benefits. His case is ripe for review. 42 U.S.C. § 1383(c)(3).

## STATEMENT OF FACTS AND EVIDENCE

On the date he applied for supplemental security income, Plaintiff was forty-five years old and classified as a "younger individual" under the Commissioner's regulations. Finding 6, Tr. 27; 20 C.F.R. § 416.923. He has a high school education. Finding 7, Tr. 27. In conducting the five-step sequential analysis of his claim, the ALJ found, at step two, that

Plaintiff has severe impairments of dysfunction of the right arm and right hand and deformity of the bilateral feet. Finding 2, Tr. 22-24. At step three, the ALJ determined that Plaintiff's impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 3, Tr. 24. Between steps three and four, the ALJ assessed Plaintiff to have the RFC to perform sedentary work with exertional limitations. Finding 4, Tr. 24-27. At step four, the ALJ found that Plaintiff had no past relevant work. Finding 5, Tr. 27. Proceeding to step five, the ALJ elicited testimony from the VE that Plaintiff can work as an assessing clerk, document preparer, or order clerk, and that these jobs are available to him in the national economy. Finding 9, Tr. 27-28. The ALJ, therefore, found Plaintiff to not be disabled to work. Finding 10, Tr. 28-29.

## DISCUSSION

Plaintiff asserts two claims of error. First, he argues that substantial evidence does not support the ALJ's finding that Plaintiff's statements of pain and the need to elevate his legs were inconsistent with the medical records. Pl.'s Br. 8-12. Second, Plaintiff contends that the ALJ failed to support with substantial evidence his decision to not incorporate into Plaintiff's RFC the medical opinion that Plaintiff requires leg elevation. *Id*. at 12-15. The Court agrees that the ALJ's discussion and determinations relating to this additional limitation are not supported by substantial evidence.

The ALJ stated that it is not "medically necessary" for Plaintiff to elevate his legs if limited to sedentary work. Tr. 26. He fails, however, to explain why or how he came to this conclusion. Tr. 26. There is no discussion, for example, of Dr. Mark Shaffer's opinion

5

that Plaintiff must elevate his legs following practically any period of standing and walking. Tr. 462. Nor did the ALJ discuss Plaintiff's complaints to Dr. Shaffer of joint swelling and to Dr. Stephen Schacher that the pain requires elevating his feet up to four hours a day. Tr. 477. Finally, the ALJ did not mention Dr. Shaffer's opinion that Plaintiff must lie down at times, potentially up to two days out of the work week. Tr. 488.

These omissions simply cannot overcome the harmless error standard. The VE testified that should Plaintiff be limited to elevating his legs waist height for at least two hours per workday, then "that would preclude all work." Tr. 57. While the ALJ was not required to adopt Dr. Shaffer's opinion into Plaintiff's RFC, his failure to reconcile it and Plaintiff's continued complaints with his contradictory determination that it is not "medically necessary" for Plaintiff to elevate his legs is clear error.[3] *See Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014); *see also Wheeler*, 784 F.2d at 1075. As such, the ALJ's decision is not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is reversed and remanded for further proceedings consistent with this opinion.

SO ORDERED, this 17th day of March, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[3] Interestingly, the ALJ found no issue including in Plaintiff's RFC the limitation that Plaintiff use a cane on uneven terrain and long distances, despite the fact that the "use of a cane has not been prescribed" or documented as a medical necessity. Tr. 26.